IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-181-MOC-DCK

| | |
|---|---|
| REPUBLIC-FRANKLIN INSURANCE COMPANY and GRAPHIC ARTS MUTUAL INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT B. PASOUR and PASOUR AUTO REPAIR, INC., d/b/a PASOUR AUTO REPAIR SERVICE, INC. <br><br> Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 10). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Plaintiffs Republic-Franklin Insurance Company ("Republic-Franklin") and Graphic Arts Mutual Insurance Company ("Graphic Arts")(collectively, "Plaintiffs") filed their "Declaratory Judgement Complaint" (Document No. 1) ("Complaint") on April 14, 2011. Plaintiffs' Complaint seeks a declaration by the Court of the "rights and obligations of each company under policies of insurance issued to Pasour Auto Repair Service, Inc., with respect to their duty to provide underinsured motorist coverage to Scott B. Pasour." (Document No. 1, p.2). According to the Complaint, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity

of citizenship of the parties and an amount in controversy exceeding $75,000. (Document No. 1, p.1).

On or about June 7, 2011, Scott B. Pasour and his wife Tamara Pasour filed an "Amended Complaint - Motor Vehicle Negligence" against Donny Glenn Turner in the Superior Court of Gaston County, North Carolina. (Document No. 9-1). In the Gaston County action, Mr. & Mrs. Pasour allege claims for negligence and personal injury, loss of consortium, and they seek a stay of that action while they submit a claim for arbitration. Id.

On June 23, 2011, in this Court, Defendants Scott B. Pasour ("Pasour") and Pasour Auto Repair, Inc. ("Pasour Auto") (collectively, "Defendants") filed their "Answer To Declaratory Judgment Complaint" (Document No. 9), as well as the pending "...Motion To Dismiss" (Document No. 10). Defendants contend that Plaintiff's declaratory judgment action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(7) and 19. (Document Nos. 10, 11). Specifically, Defendants argue that Utica National Insurance Group ("Utica National"), IGO Insurance Agency, Inc., ("IGO") and David Baker ("Baker") "are all necessary and indispensable parties to the present action . . . but their joinder would destroy this Court['s] subject matter jurisdiction." (Document No. 10, p.2). Defendants conclude that because these alleged necessary and indispensable parties have not been joined, this lawsuit must be dismissed without prejudice. Id.

Plaintiff's "Response To Defendants Motion To Dismiss" (Document No. 14) was filed on July 7, 2011, and the "Reply To Plaintiff's Response To Defendants' Motion To Dismiss" (Document No. 16) was filed July 18, 2011. As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

The primary underlying event to this lawsuit was a motor vehicle accident in Gaston County on June 10, 2008, in which Pasour was operating a vehicle owned by Bruce Truesdale ("Truesdale").

Id. Purportedly, Pasour was taking a test drive of Truesdale's vehicle related to conducting repairs at Pasour Auto. Id. Pasour is the owner and operator of Pasour Auto. Id. Plaintiffs contend they are entitled to a judgment declaring that they are not obligated to provide underinsured motorist coverage to Pasour for damages, interest, cost or fees arising out of any award that may be made to Pasour pursuant to claims arising out of the June 10, 2008 accident. (Document No. 1, p.8).

## II. STANDARD OF REVIEW

Rule 12(b)(7) provides for the dismissal of an action for "failure to join a party under Rule 19."

> Rule 19 establishes separate tests for determining whether a party is "necessary" and whether a party is "indispensable," meaning that courts must engage in a two-step inquiry. Owens-Ill., Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). First, the Court must determine "'whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." Id. (quoting Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 917-18 (4th Cir. 1999)). Once the Court determines that a party is necessary, the Court must order joinder. Id.
> If a party cannot be joined because its joinder destroys diversity jurisdiction, the Court must determine whether the party is indispensable under Rule 19(b) such that the proceeding cannot continue in its absence, meaning that the action must be dismissed. Id. Under Rule 19, the Court "must examine the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it." Keal Driveway Co., 173 F.3d at 918. However, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Meade, 186 F.3d at 441; see Keal Driveway Co., 173 F.3d at 918. Importantly, the party asserting the Rule 12(b)(7) defense bears the burden of showing that a person not joined is necessary and indispensable. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

Horner v. Pharmacists Mut. Ins. Co., 2010 WL 5677695 at *4 (E.D.Va. 2010).

In ruling on a motion to dismiss for failure to join a necessary and indispensable party, "a

3

court must accept as true the allegations in the Complaint" and "the moving defendant has the burden of showing that a party must be joined for just adjudication." Buttar v. November, 3:10cv668-MOC, 2011 WL 2375492 at *7 (W.D.N.C. June 9, 2011) (citations omitted). "Determinations as to necessity and indispensability under Rule 19 are not mechanical and 'the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar.'" Id. (quoting S. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co., 190 F.R.D. 182, 185 (E.D.Va. 1999)).

In considering the first step of the inquiry, whether a party is "necessary" pursuant to Rule 19(a), the Court must determine: "(1) whether complete relief can be accorded among the parties without joinder; (2) whether the absent person's ability to protect his own interest will be impaired; and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations." Id.

Next, if the Court finds that a party is necessary, but its joinder would destroy diversity jurisdiction, the Court must determine whether the party is "indispensable" under Rule 19(b). Pharmacists Mut. Ins. Co., 2010 WL 5677695 at *4. The factors to be considered regarding indispensability include: (1) the extent to which a judgment entered in a person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice may be lessened or avoided; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed.R.Civ.P. 19(b); see also, Meade, 186 F.3d 435, 440-42 (4th Cir. 1999). "The Court's determination under Rule 19(b) is an equitable one left to the Court's discretion." R-Delight Holding LLC v. Anders, 246 F.R.D. 496, 499 (D.Md. 2007).

## III. DISCUSSION

Defendants' instant motion contends that the insurance contracts at issue in the declaratory judgment action were "prepared" and "presented" for and to Defendants by Utica National and IGO, a North Carolina corporation, by and through Baker, a North Carolina citizen. (Document No. 10, p.1). IGO is described in Defendant's brief as an "independent insurance agent," and Baker is the "Account Executive (agent)" for IGO, Utica National and Plaintiffs, who sold Defendants the insurance policies at issue. (Document No. 11, p.1). Purportedly, Utica National owns and controls, as part of its group, Plaintiffs, as well as Utica Mutual Insurance Company ("Utica Mutual").[1] (Document No. 11, p.2).

Defendants further contend that IGO and Baker represented to Defendants that the insurance policies at issue covered risks associated with a Garage Repair Shop, like the one owned by Defendants, for up to one million ($1,000,000) dollars. (Document No. 11, p.2). Defendants argue that test driving a repaired vehicle is a known industry practice and an obvious risk for Defendants. Id. Defendants conclude that the Court cannot properly decide the insurance policy issues presented in this case without determining what IGO and/or Baker represented to Defendants regarding coverage or other transactional details. (Document No. 11, p.4).

In the alternative, Defendants argue that IGO and Baker have an interest in the current action and that their absence will impede their ability to protect their interests. (Document No. 11, p.5). Defendants assert that if Plaintiffs prevail on their claims, IGO and Baker will be subject to claims of fraud and/or negligence. Id.

Defendants also argue that Plaintiffs have an adequate remedy in the pending Gaston County

---

[1] Defendants assert that Utica National and Utica Mutual are also necessary and indispensable parties, but acknowledges that their joinder would not destroy diversity.

action. (Document No. 11, p.6). The parties acknowledge that Plaintiffs have the option, but are not required to participate in the Gaston County action. (Document No. 14, pp.10-11). To date, neither the Plaintiffs, nor the allegedly necessary and dispensable persons subject to the current motion, have been named as parties in the Gaston County action. Moreover, Defendants' Counterclaim filed in this Court does not appear to state a cause of action against Utica National, Utica Mutual, IGO, or Baker. (Document No. 9, pp.16-24). Although Pasour has requested the Gaston County court to compel arbitration related to that lawsuit, Defendants here have not made a similar request. (Document Nos. 9 and 9-1).

In response to "Defendants Motion To Dismiss," Plaintiffs argue that the Defendants did not own the vehicle operated by Pasour when he was in an accident on June 10, 2008, and therefore, the insurance policies issued to Defendants by Plaintiffs do not cover that accident. (Document No. 14, p.1). Plaintiffs filed this action seeking a judicial determination confirming their understanding of the policies at issue. Id.

Plaintiffs argue it is wholly unnecessary to add the agent as a party to this lawsuit to make a determination as to Plaintiffs' liability under the policies and/or whether the agent made some misrepresentation to Defendants. (Document No. 14, pp.6-7). Plaintiffs suggest that through depositions and other evidence the Court can make a factual determination of the authority, either actual or apparent, of the agent to bind Plaintiffs, without the agent being a party. (Document No. 14, p.7). Plaintiffs conclude that "[a] plain reading of the policies indicates that IGO and Baker are not parties to the insurance contracts and have no rights or obligations under the policies of insurance. Therefore, the agent is not a necessary party to this action." Id.

The undersigned finds a very recent decision by the United States District Court for the District of South Carolina instructive, and more similar to the facts of this case than other decisions

cited by the parties. See Nationwide Mutual Ins. Co. v. Edna Ruff, 2011 WL 2491345 (D.S.C. June 22, 2011). In that case, Nationwide Mutual Ins. Co. filed an action for declaratory judgment "asking the court to declare the insurance contract void *ab initio* due to material misrepresentations allegedly made by Ruff in her insurance application. Nationwide, 2011 WL 2491345 at *1. Soon thereafter, Ruff filed a separate action in state court naming as defendants Harold Wyatt, Inc. and Mark Wyatt, the local insurance company and local insurance agent that Ruff worked with in the application process. Id. Defendant Ruff then moved to dismiss the federal court lawsuit pursuant to Fed.R.Civ.P. 12(b)(7) and 19. Id.

Upon review, the South Carolina court found that Wyatt and Wyatt Inc. were not necessary parties under Rule 19 and denied the motion to dismiss. Nationwide, 2011 WL 2491345 at *2. In pertinent part the court opined as follows:

> As to Rule 19(a)(1)(A), the court can "accord complete relief among existing parties." This matter involves a contractual dispute over whether coverage exists under a Nationwide insurance policy. Nationwide and Ruff are the only two parties to the contract of insurance at issue. Therefore, the court can grant complete relief among the existing parties without joining Wyatt and Wyatt Inc.
> As to Rule 19(a)(1)(B), . . . . Disposing of this matter without Wyatt and Wyatt Inc. will not impair their ability to protect their own interests. Neither Nationwide's declaratory judgment claim nor Ruff's counterclaims for breach of contract, bad faith, and unjust enrichment attempt to shift any liability to Wyatt or Wyatt Inc., and the resolution of the claim and counterclaims will not affect the ability of Wyatt or Wyatt Inc. to protect any interests they have. Additionally, not adding Wyatt or Wyatt Inc. as parties to this action will not subject Ruff to inconsistent obligations. The only party from whom Ruff can recover under the insurance contract is Nationwide. If she prevails in this action, her contractual damages will be satisfied, and if she does not her claims against Wyatt or Wyatt Inc. will not be impeded.

Id.

The undersigned finds this reasoning applicable to the instant matter. This action also

7

involves a contractual dispute over the extent of coverage provided by an insurance policy. As in Nationwide, the parties to the contracts are named in the lawsuit and the allegedly necessary local insurance company and agent are not named. Unlike in the Nationwide case, those persons alleged to be necessary parties to this federal lawsuit were not named in the related stated court action. See Pasour v. Donny Glenn Turner, 11-CvS- 1602, Amended Complaint (Document No. 9-1).

The undersigned also finds relevant and helpful the following analysis regarding whether Wyatt Inc. and Wyatt were necessary parties because they were involved in the submission of the insurance application:

> Wyatt and Wyatt Inc. need not be named as parties for the court to make factual determinations about the insurance application process and what role Wyatt played in that process. See Dkt. No. 20 at 5–6. The matter before this court concerns a contractual dispute between two parties to an insurance contract. **While testimony from Wyatt or other evidence from Wyatt Inc. will probably be necessary to the resolution of this dispute, it is not necessary that Wyatt and Wyatt Inc. be joined as parties to the action**. Having found that Wyatt and Wyatt Inc. are not necessary parties to this action, the court need not determine whether they are indispensable.

Nationwide, 2011 WL 2491345 at *3 (emphasis added).

Defendants here have likewise failed to meet their burden of showing that Utica National, Utica Mutual, IGO, and/or David Baker are necessary parties. As in the recent Nationwide decision, evidence or testimony from Utica National, Utica Mutual, IGO, and/or David Baker may be necessary or helpful to the resolution of this dispute, but the undersigned is not convinced that they must be joined as parties. Moreover, applying Rule 19 to this case, the undersigned has determined that: (1) complete relief can be accorded among the parties without joinder; and (2) Defendants have not persuasively shown that the absent persons' ability to protect their own interest will be impaired, or that the existing parties might be subject to the risk of multiple or inconsistent

obligations. See Rule 19(a). As such, the undersigned is not persuaded that non-joinder here creates a defect that "cannot be remedied and prejudice or inefficiency will certainly result." Meade, 186 F.3d at 441.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 10) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: July 29, 2011

David C. Keesler
United States Magistrate Judge